IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MICHELLE R. MAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-5064-CV-SW-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability insurance benefits. The Commissioner's decision is reversed, and the case is remanded for further proceedings.

I. Credibility Assessment

The ALJ must reevaluate Plaintiff's credibility. The ALJ determined Plaintiff lacked credibility for the following reasons: the Record did not have sufficient evidence regarding Plaintiff's migraine headaches, Plaintiff had not sought regular treatment for her conditions, Plaintiff's mental challenges were somewhat under control as a result of therapy and medication, and Plaintiff's daily activities were inconsistent with her described functional limitations. R. at 20.

The Court expresses concern regarding the last three reasons. First, the Court finds the Record may not support the assertion that Plaintiff did not seek regular treatment for her mental conditions. Instead, Plaintiff appears to have visited both Dr. Scott Gordon and Dr. Rosalind Rush on almost a monthly basis due to her mental health challenges. R. at 181, 182, 184-87, 210, 224, 225, 227, 229-30, 268-70, 272.

Second, "effective medication resulting in relief…may diminish the credibility of a claimant's complaints." *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). Here, however, the ALJ found Plaintiff's mental issues were "somewhat under control." The

Court finds "somewhat under control" is insufficient to satisfy the legal standard outlined in *Guilliams*.

Finally, the Court is not certain Plaintiff's daily activities actually are inconsistent with her alleged functional limitations. To determine whether an inconsistency exists, the Court looks at whether Plaintiff is able "'to perform…day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) (citing *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982)). While Plaintiff does engage in driving, shopping, managing her finances, and attending her son's soccer games, Plaintiff may be engaging in these activities only during her purported "good" days. In other words, she may not be able to engage in these activities on days when she is experiencing migraines or episodes of severe depression; and consequently, she may not be able to engage in these activities "day in and day out."

Although the other reasons the ALJ cited to discount Plaintiff's credibility still may be proper, it is not for the Court to determine Plaintiff's credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Accordingly, on remand, the ALJ should reassess Plaintiff's credibility.

## II. Medical Opinion – Dr. Scott Gordon

The ALJ provided two reasons for discounting Dr. Gordon's Medical Source Statement ("MSS"). First, the ALJ found Dr. Gordon was not an acceptable medical source; and second, the ALJ found Plaintiff's treatment notes did not contain allegations regarding many of the limitations Dr. Gordon listed. R. at 21. However, Dr. Gordon is an acceptable medical source, as he is a master's level psychologist. *Bush ex rel Bush v. Colvin*, No. 12-1061, 2013 WL 5211579 at *17 (W.D. Mo. Sept. 13, 2013); *Anderson v. Astrue*, No. 10-4244, 2011 WL 5025859 at *6 (W.D. Mo. Oct. 21, 2011).

Additionally, the Court finds Dr. Gordon's opined limitations do find some support in the Record. For example, treatment notes suggest Plaintiff has episodes of staying in bed for several days at a time due to severe depression, she endures panic attacks and migraines, and she experiences hypomania. R. at 210, 225, 268-70. Additionally,

2

Plaintiff had difficulty remembering things when filling out Social Security paperwork. R. at 269.

      Although there may be reasons for the ALJ to discount Dr. Gordon's opinion, the reasons cited do not fully support his decision. On remand, the ALJ should reconsider Dr. Gordon's MSS regarding Plaintiff's limitations consistent with this opinion.

IT IS SO ORDERED.

                                               /s/ Ortrie D. Smith
                                               ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 4, 2015                        UNITED STATES DISTRICT COURT